UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEMROCK, INC.,

        *Plaintiff*,

v.                                                     Civil Action No. _____

EDMUND OPTICS, INC. and
EDMUND OPTICAL MANUFACTURING LLC,

        *Defendants*.

## COMPLAINT

This is an action for patent infringement. Plaintiff Semrock, Inc. ("Semrock" or the "Plaintiff"), through its undersigned counsel, brings this action against Defendants Edmund Optics, Inc. and Edmund Optical Manufacturing LLC (collectively "Edmund Optics" or the "Defendants"). In support of this Complaint, Semrock alleges as follows based upon actual knowledge with respect to itself and based upon information and belief with respect to Edmund Optics:

## THE PARTIES

1. Plaintiff Semrock, Inc. is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 3625 Buffalo Road, Suite 6, Rochester, NY 14624.

2. Defendant Edmund Optics Inc. is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 101 East Gloucester Pike, Barrington, New Jersey 08007.

3. Defendant Edmund Optical Manufacturing LLC, a subsidiary of Defendant Edmund Optics, Inc., is a limited liability company organized and existing under the laws of the State of Pennsylvania, having a place of business at 601 Montgomery Ave, Pennsburg, Pennsylvania 18073.

## JURISDICTION AND VENUE

4. This is a Complaint for patent infringement arising under 35 U.S.C. § 271 *et seq*. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendants are subject to personal jurisdiction in this district and therefore "reside" in this District under 28 U.S.C. §§ 1391(c) and 1400(b). Defendants sell various products and do business throughout the United States, including selling infringing products within this judicial district and/or causing infringing products to be used in this District.

## THE PATENT-IN-SUIT

6. On June 27, 2006, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 7,068,430 ("the '430 patent" or "Patent-in-Suit"), entitled "Method Of Making Highly Discriminating Optical Edge Filters And Resulting Products," to inventors Glenn Clarke, Turan Erdogan, Joseph T. Foss, and Ligang Wang.

7. On March 15, 2011, the PTO duly and legally issued Ex Parte Reexamination Certificate (8094th) for the '430 patent originating from Reexamination Request No. 90/010,629.

8. Semrock is the owner of all right, title, and interest in and to the '430 patent by assignment from inventors Glenn Clarke, Turan Erdogan, Joseph T. Foss, and Ligang Wang.

9. A true and correct copy of the '430 patent, including the Ex Parte Reexamination Certificate (8094th), is attached to this Complaint as Exhibit 1.

10. The '430 patent relates to apparatuses programmed to make optical edge filters, methods of making the filters, the filters made by the method, and applications of the filters. (Ex. 1: Col. 6, lines 4-7).

11. The '430 patent includes three independent claims and thirty-eight dependent claims.

12. Independent claim 1 of the '430 patent recites:

> A method of manufacturing an optical filter by determining when deposition of a layer of the optical filter is to terminate, the method comprising:
> calculating, with a data processor, a theoretical transmission $T_i$ of light through the layer;
> calculating, with the data processor, an expected deposition time $t_i$ of the layer,
> measuring, during deposition of the layer for a period less than $t_i$, a measured transmission $T_m$ of light through the layer;
> determining, with the data processor, when deposition of the layer is to terminate based upon the theoretical transmission $T_i$ and the measured transmission $T_m$.

13. Independent claim 1 of the '430 patent was not reexamined as part of Reexamination Request No. 90/010,629 and Ex Parte Reexamination Certificate (8094th) and remains in force.

14. Independent claim 30 of the '430 patent recites:

> An optical edge filter comprising a transparent substrate having a surface and alternating thin layer of materials having respectively different indices of refraction disposed overlying the surface, the materials comprising hard coating materials, and the thicknesses of the layers chosen to produce a filter edge steepness less than about 0.8%, wherein edge steepness is defined as (a) an edge width from a 50% transmission wavelength to an optical density 6 ("OD6") wavelength divided by (b) the 50% transmission wavelength.

15. Independent claim 30 of the '430 patent was reexamined as part of Reexamination Request No. 90/010,629 and Ex Parte Reexamination Certificate (8094th), was determined to be patentable, and remains in force.

16. Dependent claims 31, 34, and 37 in the '430 patent, dependent upon independent claim 30, were reexamined as part of Reexamination Request No. 90/010,629 and Ex Parte Reexamination Certificate (8094th), were determined to be patentable, and remain in force.

17. Dependent claim 40 of the '430 patent recites:

> An optical analysis system for exciting a sample of material with light of a first wavelength to produce a measurable or viewable optical response at a second wavelength different from the first, the system comprising a source of excitation light, an optical path coupling the excitation light to the sample, an optical path coupling light from the sample to an analyzer or viewer, and a filter in the path between the sample and the analyzer or viewer for blocking some light other than the optical response at the second wavelength,
> wherein the filter is an optical edge filter according to claim 30.

18. Dependent claim 40 of the '430 patent was not reexamined as part of Reexamination Request No. 90/010,629 and Ex Parte Reexamination Certificate (8094th) and remains in force.

19. Independent claim 22, and dependent claims 2-21, 23-29, 32, 33, 35, 36, 38, 39, and 41 in the '430 patent were not reexamined as part of Reexamination Request No. 90/010,629 and Ex Parte Reexamination Certificate (8094th) and remain in force.

20. Claims 1-41 of the '430 patent are presumed valid.

## COUNT ONE: DIRECT INFRINGEMENT

21. Semrock incorporates the preceding paragraphs as if fully set forth herein.

22. By at least July 2009, Defendant Edmund Optics, Inc. was a "Channel Partner" with Semrock. As a Channel Partner with Semrock, Defendant Edmund Optics, Inc. was a reseller of Semrock products.

23. By at least August 2012, Defendant Edmund Optics, Inc. had substantially reduced the number of Semrock optical edge filter products it was buying from Semrock and

reselling.  By at least September 2012, Defendant Edmund Optics, Inc was selling its own optical edge filter products that Defendant Edmund Optics, Inc. caused to be made by at least Defendant Edmund Optical Manufacturing LLC.

24. At least Defendants' 532nm Raman Edge Filter, with a designated stock no. 86-242, practices at least claim 30 of the '430 patent ("Accused Filter Products").

25. The processes used by Defendants to make the Accused Filter Products practice at least claim 1 of the '430 patent ("Accused Processes").

26. The Accused Filter Products are specifically designed to be used in an optical system that practices at least claim 40 of the '430 patent ("Accused Optical System").

27. In violation of 35 U.S.C. § 271, Defendants are now, and have been, directly infringing the '430 patent by making, using, offering for sale, and/or selling Accused Filter Products in the United States, and by using the Accused Processes to do so.

28. Specifically, Defendant Edmund Optical Manufacturing LLC makes Accused Filter Products using the Accused Processes, and/or uses the Accused Filter Products, and/or sells them to Defendant Edmund Optics, Inc., and/or sells or offers for sale the Accused Filter Products to third parties at the direction or under the control of Defendant Edmund Optics, Inc.

29. Defendant Edmund Optics, Inc. uses, sells, and/or offers for sale Accused Filter Products and/or causes Defendant Edmund Optical Manufacturing LLC to do so.  Defendants will continue to do so unless enjoined by this Court.

## COUNT TWO: INDUCEMENT TO INFRINGE

30. Semrock incorporates the preceding paragraphs as if fully set forth herein.

31. Defendants have had actual and/or constructive knowledge of the '430 patent since before this Complaint was filed.  For example, since at least June 28, 2006, Semrock has

marked optical edge filter products bearing Semrock part numbers formatted as LP0y-xxx-RS-zz and LP0y-xxxRU-zz with labels identifying U.S. Patent # 7,068,430. Further, since at least October 22, 2007, Semrock has marked optical edge filter products bearing Semrock part numbers formatted as LP0y-xxx-RE-zz with labels identifying U.S. Patent # 7,068,430.

32. In addition, Defendants will receive notice of the '430 patent at least upon receipt of this Complaint.

33. Defendant Edmund Optics, Inc. has been and is now indirectly infringing, in violation of 35 U.S.C. § 271, by intentionally inducing infringement of the '430 patent in this judicial district, and elsewhere in the United States, including by causing Defendant Edmund Optical Manufacturing LLC to use the Accused Processes in the United States to make Accused Filter Products, and/or to sell or offer for sale Accused Filter Products.

34. Furthermore, Defendants have been and are now indirectly infringing, in violation of 35 U.S.C. § 271, by way of intentionally inducing infringement of the '430 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or others to use the Accused Filter Products, and/or to use the Accused Filter Products to complete an Accused Optical System. Defendants will continue to do so unless enjoined by this Court.

## COUNT THREE: CONTRIBUTORY INFRINGEMENT

35. Semrock incorporates the preceding paragraphs as if fully set forth herein.

36. Optical edge filters that substantially block light with wavelengths less than or equal to approximately 532 nm, and that substantially transmit wavelengths above approximately 532 nm, are designed to be used in certain optical systems. These optical systems are configured to reveal the presence of certain materials of biomedical, chemical, and/or atomic interest in a

sample, where such material is known to generate an optical response when excited by a source of optical wavelengths at approximately 532 nm.

37. At least Defendants' 532nm Raman Edge Filter, with a designated stock no. 86-242, is designed to be used in an optical system that practices at least claim 40 of the '430 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. For example, Defendants' 532nm Raman Edge Filter, with a designated stock no. 86-242 is not only expressly labeled as a "532nm Raman Edge Filter," but is within a category of Defendants' "Raman Longpass Edge Filters," which category includes the following description from Defendant Edmund Optics, Inc. website at http://www.edmundoptics.com/optics/optical-filters/longpass-edge-filters/raman-longpass-edge-filters/3465 : "TECHSPEC® Raman Longpass Edge Filters are single filter solutions for reducing spectral noise in Stokes shift applications. These filters are designed to create sharp transitions between transmitted Raman signals and blocked laser wavelengths. Designed to detect even the smallest Raman shifts, TECHSPEC Raman Longpass Edge Filters are ideal for integration into Raman spectroscopy or confocal microscopy systems. The hard coated design offers superior transmission characteristics than comparable traditional coated filters."  A true and correct copy of the website at http://www.edmundoptics.com/optics/optical-filters/longpass-edge-filters/raman-longpass-edge-filters/3465 dated April 29, 2013 is attached to this Complaint as Exhibit 2.

38. Accordingly, Defendants also have been and are now indirectly infringing, in violation of 35 U.S.C. § 271, by way of contributorily infringing the '430 patent in this judicial district, and elsewhere in the United States, by selling and/or offering to sell Accused Filter Products, which Accused Filter Products are components and material parts of the Accused Optical Systems.  Defendants will continue to do so unless enjoined by this Court.

## COUNT FOUR: WILLFUL INFRINGEMENT

39. Semrock incorporates the preceding paragraphs as if fully set forth herein.

40. Defendants continue to infringe the '430 patent. Having notice of the '430 patent, Defendants' continued activities constitute willful patent infringement.

41. Defendants' past and continuing infringement of the '430 patent have caused monetary damage and irreparable injury to Semrock.

42. Unless and until Defendants' infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to Semrock.

## JURY DEMAND

43. Semrock demands a jury trial on all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Semrock respectfully requests that this Court enter judgment against Defendants as follows:

(a) That Defendants are liable for direct infringement, contributory infringement, and/or induced infringement of one or more claims of the Patent-in-Suit, as alleged herein;

(b) That the Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants, and employees of each of the foregoing, customers and/or licensees, and those persons acting in concert or participation with any of them, are preliminarily and permanently enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale, and/or selling products that infringe, and from contributorily infringing and/or inducing infringement of the Patent-in-Suit prior to its expiration, including any extensions;

-9-

  (c) An Order directing Defendants to file with this Court and serve upon Plaintiffs' counsel within 30 days after the entry of the Order of injunction a report setting forth the manner and form in which Defendants have complied with the injunction;

  (d) An award of damages adequate to compensate Semrock for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

  (e) An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

  (f) An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

  (g) An award of attorneys' fees because this is an exceptional case pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

  (h) Costs and expenses in this action; and

  (i) An award of any further relief that this Court deems just and proper.

Dated: May 21, 2013

| Of Counsel: | **HODGSON RUSS** LLP |
|---|---|
| James J. Boyle<br>Finnegan, Henderson, Farabow,<br> Garrett & Dunner, LLP<br>11955 Freedom Drive<br>Reston, Virginia 20190-5675<br>Tel: (571) 203-2700<br>Fax: (202) 408-4400 | By: ___s/Paul I. Perlman_____<br>  Paul I. Perlman, Esq.<br>The Guaranty Building<br>140 Pearl Street, Suite 100<br>Buffalo, New York 14202<br>Tel: 716-848-1479<br>Fax: 716-819-4616<br>*pperlman@hodgsonruss.com* |
| John F. Hornick<br>Finnegan, Henderson, Farabow,<br> Garrett & Dunner, LLP<br>901 New York Street, N.W.<br>Washington, D.C. 20001<br>Tel: (202) 408-4000<br>Fax: (202) 408-4400 | *Attorneys for Plaintiff*<br>Semrock, Inc. |

004631.00349 Litigation 9150481v1